THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES DEVLIN *v.* THE COURT OF OYER AND TERMINER.*

*Recognizance — denial that indictment therein mentioned was found — forfeiture of.*

In proceedings to forfeit a recognizance, the allegation by the surety that no such indictment as that described in the recognizance has been found, gives rise to a question of fact, which must be tried and determined by some tribunal, if the recognizance does not operate as an estoppel against the defendant. Where in such a case no request is made by the surety for an order directing the prosecution of the recognizance by the district attorney, even if the court might have considered the facts alleged in determining whether the order of forfeiture should be made, yet the relator cannot have that question considered on a writ of certiorari. His remedy is by application to the Court of Common Pleas. *

Six indictments were found for forgery on the same day. *Held,* that it was not necessary that the recognizance should specify to which one of the six it referred.

CERTIORARI to the Court of Oyer and Terminer to review proceedings had upon forfeiting the recognizances of William M. Tweed, principal, and Charles Devlin as surety.

The relator, on June 22d, 1875, entered into a recognizance for the appearance of William M. Tweed to answer an indictment. The recognizance recited that Tweed was indicted on the 22d day of November, 1873, for the offense of forgery, in the Court of General Sessions of the Peace, and the condition was that he should appear at the present term of the Court of General Sessions of the Peace, and at any subsequent term to which the proceedings in the premises may be continued.

* See *People* v. *Sands, post,* p. 235.

PEOPLE ex rel. DEVLIN v. OYER & TERMINER. 115

FIRST DEPARTMENT, MARCH TERM, 1876.

On the 13th day of December, 1875, Tweed was called and did not appear. The surety was required to bring him forward and did not do so. It was moved on behalf of the people that the recognizance be declared forfeited. The surety appeared and showed cause why it should not be forfeited. He produced the indictment, a sworn statement of facts (mentioned in the opinion), the records of the court showing that no continuance had been had after October 29, 1875, and another indictment which he claimed superseded the first one. Four similar cases, involving the same questions, were decided at the same time with this one.

*Dudley Field*, for the relator.

*B. K. Phelps*, district attorney, for the respondent.

DAVIS, P. J.:

In this case the same order was made by the Court of Oyer and Terminer, and the same reason assigned for making the order as in the case of *The People ex rel. Sands* v. *The Court of Oyer and Terminer*, decided at the present term. The facts presented are, in some respects, different. It was alleged that there was no such indictment as that described in the recognizance, and that none such was ever found in the Court of General Sessions of the Peace, held in and for the city and county of New York; and, secondly, that, at the time of entering into the recognizance, six indictments against the said defendant Tweed, for forgery, were pending in the said Court of Oyer and Terminer, and if the said recognizances were intended to refer to any of them, it was left uncertain which of them they referred to, and that they were therefore void for uncertainty. The indictment named in the recognizance is described as having been found in the Court of General Sessions of the Peace, in and for the city and county of New York, for the offense of forgery. The condition is for the appearance of Tweed at the Court of General Sessions of the Peace to answer said indictments against him, at the present term or at any subsequent term of said court, or in any court where such indictment might be sent for trial. It contained at its foot a stipulation, signed by the parties to the recognizance, that in case the recognizance should be forfeited, judgment might be entered by the clerk of the city and

county of New York, upon filing the recognizance and order of forfeiture.

No point seems to have been made, that the Court of Oyer and Terminer had not acquired jurisdiction of the indictment, if any such had been found in the Court of General Sessions, but it is alleged, that none such had ever been found in that court. If this was a question upon which the recognizances did not operate as an estoppel, against the defendant, it was one of fact to be tried and determined by some tribunal, and the same thing is true of each of the other objections.

It seems to have been admitted, that six indictments for forgery were found in the court of General Sessions, against said Tweed, on the 20th of February, 1873, and the objection argues, that if the recognizance was intended to refer to any of them, it was left uncertain to which it referred, and was therefore void for uncertainty.

The argument seems to us to be without substance, because the recognizance refers to but one, and the production of Tweed under the recognizance would discharge the surety completely, whatever number of indictments might be in existence. The alleged uncertainty was entirely harmless, since the condition of the recognizance required the production of the principal to answer but one indictment, and that being done, there would be no obligation to produce him upon another. In this case, no request was made for an order specially directing the prosecution of the forfeited recognizance by the district attorney, and as the order of the court followed the stipulation appended to the indictment, and made therewith matter of record, the court was not legally bound to make any other order than that made. If the court might, in its discretion, have considered the facts alleged, in determining the question, whether the order of forfeiture should be made, yet the relator had, we think, no such legal right, under the circumstances, to demand the exercise of that discretion, as would entitle him to review the proceedings on a writ of certiorari. His rights are, we think, fully preserved and may be enforced by the proper application to the Court of Common Pleas. The writ should be dismissed, with costs.

Brady and Daniels, JJ., concurred.

Writ dismissed, with costs.